UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:18-335 |
| VS. | : | JUDGE ZAINEY |
| VJACESLAVS BIRZAKOVS | : | MAGISTRATE JUDGE KAY |

## RULING AND REASONS

Before the Court is the "Government's Motion in Limine" (Rec. #53) wherein the mover seeks to exclude the proposed expert testimony of Captain Marc Fazioli. For the reasons that follow, the motion is denied.

The Government complains that Defendant's notice of a list of five broad topics Captain Marc Fazioli intends to render an opinion on at trial are not appropriate for expert opinion testimony because they are overbroad, without detail and do not include the expert's opinions. The Government argues that Captain Fazioli's disclosure is untimely[1] and void of any facts or data to support his opinions. The Government maintains that the Defendant has failed to provide a written summary of Captain Fazioli's testimony along with his opinions and the bases or reasons for those opinions in accordance with Federal Rule of Criminal Procedure 16(b)(1)(C).

Specifically, the Government challenges Captain Fazioli's (1) qualifications as an expert because he is not a marine chemist, (2) statements regarding the oil spill analysis report to which the parties stipulated, (3) comments on a preliminary USCG report due to lack of detail as to the alleged inaccuracies, (4) opinion regarding the operation of the Oil Discharge Monitoring Equipment because he gives no explanation as to how he reached his conclusions, and (5) opinion testimony regarding the legal duty of a vessel master to maintain the Oil Record Book.

---

[1] The disclosure was made on May 2, 2019, one week after the disclosure deadline.

Defense counsel responds that when the Government disclosed that it intended to call its expert witness, Coast Guard Commander Cost, defense counsel immediately disclosed to the Government its expert to rebut Commander Cost's testimony, and that it intended to supplement its disclosure relative to Captain Fazioli in the next few days. Four days later, defense counsel provided the Government with Captain Fazioli's 50-page report. Thus, defense counsel argues that it has complied with its discovery obligations fully and in good faith.

The Court finds that the Government has failed to show that it has been prejudiced by Defendant's untimely disclosure. The Court has reviewed Captain Fazioli's extensive CV which details his education and experience, as well as the numerous cases in which he has been accepted as an expert witness. Captain Fazioli will be permitted to testify within the ambit of his expertise.

Regarding the Government's objection as to Captain Fazioli's lack of explanation for reaching various conclusions and/or making the challenged statements, the Court is persuaded that the report sufficiently complies with Federal Rule of Criminal Procedure 16(b)(1)(C) regarding expert witnesses. The court admonishes defense counsel that Captain Fazioli's testimony under direct examination shall be restricted to the four corners of his report, and any lack of explanation will go to the weight of his testimony or conclusions, as decided by the jury. Furthermore, Captain Fazioli will be subject to the Government's cross-examination to address the concerns raised in the motion in limine. Of course, if the government "opens the door" under cross examination, the expert will be able to respond to the questions even if such response is not included in his report.

Accordingly,

**IT IS ORDERED** that the motion in limine filed by the Government is hereby **DENIED.**

**SIGNED** on this 9th day of May, 2019.

_____
**JAY C. ZAINEY**
**UNITED STATES DISTRICT JUDGE**