UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**          **CR. ACTION No.2:18-335**

**VERSUS**          **JUDGE JAY C. ZAINEY**

**VJACESLAVS BIRZAKOVS**          **MAG. JUDGE KAY**

## REASONS AND RULING

The jury trial of this matter is currently set for May 20, 2019. In preparation for the trial, Defendant Vjaceslavs Birzkovs, through counsel, has filed objections and a Pretrial Memorandum (Rec. #55) to support the objections to the exhibits the Government intends to introduce at trial. At the Court's direction, the parties conferred and resolved a majority of the objections; the remaining objections (Rec. #61) to the Government's exhibits are before the Court.

*Photographs and/or Videos (exhibits 43, 48aa, 48bb, 48cc, 48dd, 49a- 49f)*

Relying on Federal Rule of Evidence 403,[1] Defendant argues that certain photographs and/or videos are unfairly prejudicial or are cumulative/duplicative which may create an "unfair suggestion that the discharge lasted much longer than it actually did."[2] The Government remarks that the videos that depict the discharge last from only a few seconds to a few minutes; it expects that the evidence and testimony at trial will establish that the duration of the discharge was several hours. The Court OVERRULES the objection and will permit the videos once the Government lays the proper foundation and authenticates each video after which if the videos become cumulative, the Court will entertain an objection through a side bar out of the hearing of the jury.

---

[1] FRE. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

[2] Doc. 55-1 objection, p. 4.

Defendant also objects to multiple photographs of the alleged discharge as being duplicative and cumulative. The Government first maintains that it is premature to exclude the photographs as the trial has not yet begun. In addition, the Government remarks that it anticipates that the evidence will show that the photographs were taken from different angles at different times by different crew members, and that it does not intend to introduce an unnecessarily high number of photos. The Court agrees that this objection is premature but recognizes the potential for confusion. Accordingly, the Court OVERRULES the objection. Again, after the Government lays a proper foundation and authenticates the photographs, the Court will entertain an objection by Defendant out of the hearing of the jury to determine if the submission of the photographs is in violation of Federal Rule of Evidence 403.

*Oil Record Books and Diagrams (exhibits 3, 7, 14, 15, 17,18, and 19)*

Relying on Federal Rule of Evidence 402,[3] Defendant objects to oil record books (ORB) and diagrams as irrelevant due to either the subject matter they cover, or because the timeframe they cover is outside of the timeframe of the charged conspiracy. The Government remarks that it has included on its preliminary exhibit list, various log books out of an abundance of caution because they may become relevant depending on how the testimony unfolds at trial, noting that it is aware of the Defendant's objections. As for the ORBs that predate the date of the alleged illegal discharge (April 24, 2017), the Government argues that the maintenance of the ORBs is highly regulated,[4] and thus there is probative value in allowing the jury to review both how Defendant

---

[3] Relevant evidence is admissible unless any of the following provides otherwise:
- The United States Constitution;
- A federal statute;
- These rules, or
- Other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

[4] See 33 C.F.R. § 151.25 (k).

Birzakovs maintained the ORBs and how the previous Masters maintained them.[5] Additionally, Defendant Birzakovs has indicated his intention to call an expert to testify as to the roles of various officers on ships such as the *Ridgebury Alexandra Z,* including the Master.

The Court OVERRULES the objection and will admit the ORBs, conditionally, after the Government lays the proper foundation and authenticates same, if the legitimate reason for admitting the ORBs is to provide an example of following the regulations; in other words, to show the fact as to how the ORBs were to be recorded and maintained in compliance with the regulations. However, the Court will entertain an objection by Defendant if it is determined that the ORBs are being admitted as to the truth of the information contained therein, as opposed to the fact of the entry.

*Whistleblower Email (exhibit 10)*

The Government intends to introduce an email sent on August 8, 2017, from the whistleblower to the Coast Guard which describes and explains certain events occurring onboard the vessel. This email led the Coast Guard to board and inspect the vessel which ultimately resulted in the charges presented in this case. Defendant objects pursuant for Federal Rule of Evidence Rules 401, 403, and 404 and argues that this email is hearsay because it is being presented for the truth of the assertions in the email and it includes "extraneous, uncharged issues."

The Court is concerned that the email is being introduced for the truth of the matter asserted therein and recognizes that there are potential problems with the accuracy of what is being depicted or relayed in the email. The Court has not been informed as to whether the author of the email

---

[5] FRE 401 provides that:
    Evidence is relevant if:
      (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
      (b) the fact is of consequence in determining the action.

will be called as a witness at trial and thus will not be subject to cross-examination. Accordingly, the Court SUSTAINS Defendant's objection as to the email. However, the Court will allow the Government to reference the whistleblower complaint without going into the specific contents of the complaint.

*DNV Report (exhibit 37)*

Defendant objects to the DNV Report dated September 12, 2019, as being hearsay because it is being introduced for the truth of the matter asserted in the report. The Government argues that the DNV report is admissible as an exception to the rule against hearsay because it is both a present sense impression under the FRE 803(1) and it is a record of a regularly conducted business activity under FRE 803(6). The Government remarks that the report is digitally signed by the surveyor and contains the DNV seal, thus satisfying FRE 902(11) requirements. The Government further notes that the report was adopted by Defendant in his September 12, 2017 email to his employer. The report is a record of a regularly conducted business activity; however, a proper foundation must be made to show its relevancy and an appropriate person must explain the deficiencies contained therein. The Court admonishes the parties that in rendering his or her report, although an expert witness can refer to documents that are otherwise inadmissible, that does not in and of itself render the document admissible. The Court will defer ruling on the admissibility of the document itself after it hears the testimony of the witness through which the Government is trying to admit the documents.

*Audio Recording (exhibit 41)*

Defendant objects to an audio recording made by the whistleblower (the pump man). Defendant argues that the recording is hearsay, double hearsay, and virtually unintelligible. The Government presents a transcript of the recording which reveals a conversation between the

whistleblower and the Chief Officer and argues that the audio recording is admissible under FRE 801(d)(2)(E)[6] and FRE 803(1). The Court SUSTAINS the objection finding that it is inadmissible hearsay and is not in furtherance of a conspiracy. However, the Court would entertain permitting the audio recording to be used as impeachment evidence, if the proper foundation is laid.

*Lloyds Register Audit Report (exhibit 61)*

Defendant objects to the Lloyds Register Audit Report as hearsay to the extent that the survey of workers on the ship is being introduced for the matter asserted therein. The Government argues that it is an exception to the hearsay rule because it is a present sense impression under FRE 803(1) and a record of a regularly conducted business activity under FRE 803(6). The report is signed by the Lead Assessor and has the Lloyds Register seal. It is also signed by the vessel master who replaced Defendant Birzakovs and contains the vessel master's seal, thus, satisfying FRE 902(11)[7] certification requirements for admissibility under FRE 803(6). The Court admonishes the parties that in rendering his or her report, although an expert witness can refer to documents that are otherwise inadmissible, that does not in and of itself render the document admissible. The Court will defer ruling on the admissibility of the document once a proper foundation is laid and

---

[6] Rule 801. Definitions That Apply to This Article; Exclusions From Hearsay

    **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
    \* \* \*

    **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
    \* \* \*
    **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.

[7] FRE 902. Evidence That is Self-Authenticating

    **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

after it hears the testimony of the witness through which the Government is trying to admit the documents, and the Court determines the relevancy of the document.

*Operation's Manual*

Finally, Defendant Birzakovs objects to the admission of a 904-page Operations Manual pursuant to Federal Rules of Evidence 403 as being cumulative, of minimal relevance and likely to create jury confusion. The Court SUSTAINS the objection as to the entire document; however, after the exhibit is properly authenticated, the Court will allow specific pages of the Manual that were referred to on either direct or on cross-examination of a witness, or for impeachment purposes to be admitted into evidence.

**SIGNED** on this 7th day of May, 2019.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE